575 A.2d 330

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Victor H. SPARROW, III.**

**Misc. (Subtitle BV) No. 30, Sept. Term, 1987.**

Court of Appeals of Maryland.

June 26, 1990.

---

Melvin Hirshman, Bar Counsel and Kendall R. Calhoun, Asst. Bar Counsel for the Atty. Grievance Com'n of Maryland, for petitioner.

David B. Lamb, Rockville, Md., for respondent.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE and CHASANOW, JJ.

## ORDER

The Petitioner, Victor H. Sparrow, III, was indefinitely suspended from the practice of law in Maryland on December 20, 1988, *see Atty. Griev. Comm. v. Sparrow*, 314 Md. 421, 550 A.2d 1150 (1988).

Sparrow petitioned the Court for termination of his indefinite suspension on January 2, 1990. Bar Counsel opposed the termination on the ground that Sparrow, during the period of his indefinite suspension, may have engaged in the practice of law in another jurisdiction within which he was not admitted to practice and in connection therewith made false and misleading statements.

The Court referred the matter to Judge Raymond G. Thieme, Jr. of the Circuit Court for Anne Arundel County to make appropriate findings concerning Sparrow's alleged misconduct.

Judge Thieme conducted an evidentiary hearing and determined, for reasons stated in his findings attached hereto, that Bar Counsel's objections to the termination of Sparrow's indefinite suspension were well founded and should be sustained.

The Petitioner filed exceptions to Judge Thieme's findings. The Court held a hearing and considered arguments presented by the parties at that time.

The Court has determined to accept Judge Thieme's findings and not to grant Sparrow's petition to terminate his indefinite suspension at this time.

It is, therefore, this 26th day of June, 1990 ORDERED, by the Court of Appeals of Maryland, that the petition of Victor H. Sparrow, III, be and it is hereby DENIED. Costs of two hundred and thirty four dollars ($234.00) shall be paid by Victor H. Sparrow, III.

## FINDINGS OF FACT

### –Background–

By opinion of the Court of Appeals, *Attorney Grievance Commission of Maryland v. Victor H. Sparrow, III*, 314 Md. 421, 550 A.2d 1150 filed on December 20, 1988, Victor H. Sparrow, III, was indefinitely suspended from the practice of law in this State, with leave to apply for reinstatement at the expiration from one year. This reinstatement is subject to the Court of Appeals' satisfaction as to Sparrow's rehabilitation, and present competence to practice law in Maryland.

On January 2, 1990, Sparrow filed a Petition for Termination of Indefinite Suspension. The Attorney Grievance Commission, in two separate Responses alleged that Sparrow was, in effect, practicing law in a jurisdiction in which he was not admitted and additionally may have made false and misleading statements. The Court of Appeals then appointed the undersigned

1. "... to make appropriate findings as to whether Sparrow illegally engaged in the practice of law during his period of suspension; and to make appropriate findings as

2. "... to whether Sparrow made false statements...."

Pursuant to these Orders, testimony was taken and counsel heard. All subsequent findings of fact were made by clear and convincing evidence as required by Maryland Rule BV10(d).

## –Findings of Fact–

The facts which lead to Sparrow's suspension are set forth in the Court of Appeals' opinion[1], and will not be repeated herein.

Sparrow testified that he is not admitted to the practice of law in the District of Columbia. He is, however, admitted in California, Pennsylvania, Rhode Island, New York and the Trust Territories. Although he maintains an office in the District, he claims not to be engaged in the practice of law there[2].

## –Exhibit 1–

This consists of the certified records from the Superior Court of the District of Columbia, Family Division, Domestic Relations Branch, captioned, Alfred A. Weldon v. Gladys C. Weldon. These documents show that on October 29, 1987, Sparrow moved for admission *pro hac vice* as counsel for the defendant, Gladys C. Weldon. Ms. Weldon is the aunt of Sparrow's ex-wife with whom he has lived in the past. Testimony shows that Ms. Weldon requested Sparrow's aid in this suit claiming that she could not afford an attorney and no money was paid for Sparrow's services.

Prior to the entry of his appearance herein, Sparrow admitted that he was unfamiliar with the procedure for his admission *pro hac vice* and specifically Civil Rule 101(a)(3)[3]

---

**1.** Attorney Grievance v. Sparrow, above.

**2.** This Court notes that contained in Exhibit 1 is correspondence on the letterhead of "Law Offices of Victor H. Sparrow".

**3.** District Civil rule 101(a)(3) requires an attorney:
"... if granted permission by the Court may participate in proceedings in this Court, *pro hac vice,* provided that such attorney joins of record a member in good standing of the District of Columbia Bar

of the Superior Court of the District of Columbia (Exhibit 4). He spoke with a Court Clerk regarding the procedure and claims to have followed the advice given. The paper which moved for his admission *pro hac vice* and which is dated October 22, 1987, contains a blatant misstatement in paragraph 2:

"2. Petitioner for the past five (5) years has practiced regularly in the City of San Diego in the State of California." [4]

Sparrow in his testimony unconvincingly attempts to brush this aside as simple inadvertence caused by haste. Attached to this paper is what appears to be a *curriculum vitae,* the reading of which clearly leads one to the conclusion that Sparrow is engaged in the practice of law [5]. His "Legal Experience" on the first page indicates his current occupation as:

"1986–Present    Connecticut & R Associates"

No explanation of what the nature of this association is given, although all prior affiliations are spelled out in some detail.

A Judge on November 6, 1987 permitted Sparrow's appearance to be entered *pro hac vice.*

---

who will at all times be prepared to go forward with the case, who shall sign all papers subsequently filed and shall attend all subsequent proceedings in the action unless this latter requirement is waived by the judge presiding at the proceeding in question."

"An attorney seeking permission to appear under this section shall file a praecipe indicating:

1. his name, address and phone number
2. the jurisdiction(s) where he is a member of a bar
3. the number of times he has previously sought to appear under this rule.
4. The attorney shall serve a copy of the *praecipe* on the District of Columbia Court of Appeals' Committee on Unauthorized Practice in the manner provided by Rule 5."

4. On August 31, 1984, Sparrow was suspended from the practice of law in California for five years.

5. Sparrow was not suspended at this time from the practice of law in Maryland.

Sparrow, on November 24, 1987, then moved for a Continuance, and filed Answers to Interrogatories. Neither of these documents contain any signature of another attorney as required by District Rule 101(a)(3).

The matter then proceeded uncontested before a Commissioner.

### –Exhibit 3–

This exhibit contains certified copies of a civil action from The Superior Court of the District of Columbia, F.R. Ruskin v. Sharon L. Norcutt. Ms. Norcutt is an employee of the Company for which Sparrow was working at the time. Again, attempting to help a litigant who could not afford legal representation, Sparrow went to the Clerk of Court inquiring how he could enter his appearance *pro hac vice.* Sparrow again did not familiarize himself with Rule 101. He claims to have followed the advice given by a Clerk of Court, filing a *praecipe* on December 19, 1988 directing the Clerk to:

". . . . enter the appearance of Victor H. Sparrow, III, Esq. as counsel for the defendant, Sharon L. Norcutt."

In the lower left hand corner of the document, under the signature of Sparrow appears typed:

"Victor H. Sparrow, III (pro hac (sic) vice)"

At no time did Sparrow appear with his client before a judge. It was Sparrow's intent to have a protective order granted permitting his client to remain on the premises, but pay the rental into Court. This was apparently discussed by Sparrow with the attorney for the Landlord. The outcome of this matter is unclear. Apparently Norcutt lost the matter and an appeal was noted. The signature on the Notice of Appeal, although appearing to be Sparrow's, has not been proven to be his. No money was received by Sparrow for his representation of Norcutt.

### --Exhibit 2–

This consists of the certified records from the superior court of the District of Columbia, Civil Actions Branch,

captioned James J. Galvagna v. Gladys C. Weldon. Prior to the entry of his appearance in this suit, *pro hac vice,* on April 27, 1989, Sparrow admitted to reading Rule 101. Paragraph 5 of this Motion states in part:

"....No other applications have been made by the Applicant for admission to the Bar of this Court on this basis."

This statement is incorrect[6]. In respect to his admission in this matter *pro hac vice,* Sparrow correctly urges that at the hearing on his Motion for admission[7], the Court waived the requirement of Rule 101 that local counsel:

"... shall attend all subsequent proceedings in the action unless this latter requirement is waived by the judge presiding at the proceedings in question."

Exhibit 5, Page 5, however makes it quite clear, that the Court expected Sparrow to abide by all the remaining requirements of Rule 101.[8]

Subsequent to his admission *pro hac vice,* Sparrow filed a Cross Claim, and an Answer to the original Complaint. Neither of these documents bears the signature of local counsel as required by Rule 101.

The final matter concerns conversations between Sparrow and The Bar Counsel's Investigator, John W. Reburn. Sparrow was under investigation by Bar Counsel during 1989 for his appearance in the Norcutt suit[9]. Sparrow was aware of this investigation as is shown by his correspondence with Bar Counsel[10].

---

**6.** In Exhibit 3 the appearance of Sparrow was entered on December 13, 1988 and in Exhibit 1 on November 6, 1987.

**7.** Exhibit 5, page 6.

**8.** The Court: "....a member of the bar of good standing is going to have to join with you and be prepared to go forward with the case and we (sic) shall sign all papers subsequently filed."

**9.** *Ruskin v. Norcutt,* the Landlord/Tenant Complaint, Exhibit 3.

**10.** Exhibit 6, Letter from Sparrow to Bar Counsel of June 12, 1989.

Reburn called Sparrow on August 18, 1989. There is a dispute in the testimony concerning the scope of this conversation. Sparrow testified that all three matters shown by Exhibits 1, 2, and 3 were discussed. Reburn, referring to notes which he testified were written at that time, testified that Sparrow was questioned only about Exhibit 3 which was the only incident Reburn was aware of. The Court finds the testimony of Reburn to be the more credible.

During this conversation Sparrow informed Reburn that he appeared in open court at this time his appearance was approved. He further stated the matter of local counsel never came up in court and he never brought it up. Subsequent to this on September 8, 1989, Reburn went to the District Court and checked the court docket. This investigation disclosed that there were no court appearances. Reburn the same day went to Sparrow's office and confronted Sparrow with absence of any open court hearings. Sparrow then admitted that he in fact did not appear before a judge.

In summary, this Court finds:

1. Sparrow failed to comply with District Rule 101 in each of the cases in which he entered his appeared *pro hac vice;*

2. Sparrow knowingly misinformed the Bar Counsel's investigator about the manner in which his appearance was entered in the case of Ruskin v. Norcutt on August 8, 1989;

3. Sparrow knowingly misinformed this Court in his testifying regarding the scope of the telephone conversation on August 18, 1989.

Respectfully submitted,

/s/ Raymond G. Thieme, Jr.
Raymond G. Thieme, Jr.

April 10, 1990